NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO FERNANDEZ, | No. 20-55723 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-09424-FMO-SK Central District of California, Los Angeles |
| v. | |
| ROBERTA A. TORRES; CBC RESTAURANT CORP., a Delaware Corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted October 4, 2021[**]
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and BREYER,[***] District Judge.

Antonio Fernandez appeals the district court's order granting in part and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

denying in part his motion for attorneys' fees and costs, following settlement of his claims under the Americans with Disabilities Act and California's Unruh Civil Rights Act against Roberta Torres and CBC Restaurant Group. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

The district court abused its discretion when it ignored the time billed by three of Fernandez's five attorneys because the case was "overstaffed." See Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008). While we agree with the district court that Fernandez's lawyers overbilled, it was "arbitrary" to ignore entirely the time billed by three of the five lawyers. Id. at 1113. These three appear to have performed at least some necessary work, such as drafting a joint Rule 26 report and a settlement agreement. To the extent that overstaffing resulted in inefficiencies, the district court should reduce the fee award in proportion to those inefficiencies, rather than through a "shortcut." Id.

The district court also abused its discretion in calculating the hours of the two attorneys whose work it considered. The court provided cogent reasons for its specific cuts as to various tasks, but its final additional 10% reduction for "general excessiveness" lacked any justification. Although the court may order a "haircut" of ten percent with only a "cursory explanation," Id. at 1112, it must provide a "specific articulation of [its] reasoning" when ordering a larger reduction. Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1111 (9th Cir. 2014) (quotation

2

marks omitted).  Thus, when a court has already reduced the fee award, it must provide further explanation to reduce it by another ten percent.  See Gonzalez v. City of Maywood, 729 F.3d 1196, 1200 (9th Cir. 2013).

However, the district court did not abuse its discretion in reducing the hourly rates for the two attorneys.  They did little to show the court that their requested rates were "in line with those prevailing in the community for similar services" by reasonably comparable lawyers.  Chaudhry, 751 F.3d at 1110 (quotation and citation omitted).  Though the court provided relatively little explanation in its order, this reduction was justified because the case was a simple one and the attorneys had failed to provide much information.  See id.; Moreno, 534 F.3d at 1114.

**REVERSED and REMANDED**.